**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
HARRY DANIEL and KEITH WILLIAMS,                          Case No.

                     Plaintiffs,

                                                         **COMPLAINT**

   -against-

CE SECURITY LLC,
CONCORD LIMOUSINE 1 LLC and
ALEXANDER GAVRILOV,

                     Defendants.
---------------------------------------------------------------X

Plaintiffs Harry Daniel ("Daniel") and Keith Williams ("Williams") (collectively, "Plaintiffs") allege against Defendants CE Security LLC ("CE Security"), Concord Limousine 1 LLC ("Concord") and Alexander Gavrilov ("Gavrilov") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Daniel was employed with the Defendants first as a parking spotter and later as a spot checker from approximately August 4, 2016 to October 1, 2022. Despite working more than forty hours per week, the Defendants failed to pay Daniel overtime. Furthermore, the Defendants committed statutory wage violations, by failing to provide Daniel with a wage notice or a proper wage statements / pay stubs.

2. Williams was employed with the Defendants first as a parking spotter and later as a spot checker from approximately 2017 to October 1, 2022. Despite working more than forty hours per week, the Defendants failed to pay Williams overtime. Furthermore, the Defendants committed statutory wage violations, by failing to provide Williams with a wage notice or a proper wage statements / pay stubs.

3. As such, Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

4. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) civil damages for statutory wage notice violations, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Harry Daniel ("Daniel") was and is a resident of Queens County, New York.

9. Plaintiff Keith Williams ("Williams") was and is a resident of Queens County, New York.

10. Defendant CE Security LLC ("CE Security") was and is a domestic limited liability company organized under the laws of the State of New York.

11. CE Security was and is authorized to conduct business in the State of New York.

12. CE Security was and is located at 712 Third Avenue, Brooklyn NY 11232.

13. Concord Limousine 1 LLC ("Concord") was and is a domestic limited liability company organized under the laws of the State of New York.

14. Concord was and is authorized to conduct business in the State of New York.

15. Concord was and is located at 712 Third Avenue, Brooklyn NY 11232.

16. CE Security and Concord are each in the business of providing spotholding and related services.

17. CE Security and Concord each provided spotholding and related services to Con Edison ("Con Ed").

18. Defendant Alexander Gavrilov ("Gavrilov"), upon information and belief, was and is a resident of the State of New York.

19. Gavrilov was and is an Owner of CE Security.

20. Gavrilov was and is an Owner of Concord.

21. Gavrilov exercised control over the employment terms and conditions of the Plaintiffs. Gavrilov had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs. At all times, the Plaintiffs could complain directly to Gavrilov regarding any of the terms of their employment, and Gavrilov would have the authority to effect any changes to the quality and terms of the Plaintiffs' employment.

22. At all times relevant times, CE Security has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

23. At all times relevant times, Concord has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

24. At all relevant times, CE Security and Concord are enterprises engaged in commerce within the meaning of the FLSA, the NYLL and the regulations thereunder.

25. At all relevant times, the work performed by the Plaintiffs was directly essential to the business operated by the Defendants.

## STATEMENT OF FACTS

Harry Daniel

26. On or about August 4, 2016, Daniel commenced employment with the Defendants.

27. Daniel was not provided with a wage notice by the Defendants upon his hire.

28. Daniel was not provided with a wage notice by the Defendants annually.

29. From August 2016 to approximately July 2018, Daniel worked for the Defendants as a parking spotter.

30. In that role, Daniel would get a list of assignments from the Defendants, drive to an assigned job site and put cones out where the Con Ed truck would park the following day.

31. As a parking spotter from August 2016 to July 2018, Daniel worked on average, 12 hours per day, 6 days per week, for a total of 72 hours per week.

32. In approximately July 2018, Daniel was promoted to spot checker.

33. In that role, Daniel would check on all the sites that were opened in Queens for Con Ed vehicles.

34. As a spot checker from July 2018 to October 2022, Daniel worked on average 12 hours per day, 7 days per week, for a total of 84 hours per week.

35. Although Daniel worked over forty hours per week, the Defendants failed to pay Daniel overtime.

36. Daniel was paid at his hourly rate regardless of the amount of hours he worked.

37. Daniel was paid $15.00 per hour upon his hire.

38. In approximately November 2016, Daniel's hourly rate was reduced to $14.00 per hour.

39. In approximately March 2017, Daniel's hourly rate was reduced to $13.50 per hour.

40. In approximately 2018, Daniel's hourly rate increased to $14.00 per hour.

41. Starting in approximately July 2018, Daniel's pay increased to $20.00 per hour.

42. Daniel was paid by check once per week (on Thursdays).

43. The Defendants failed to provide accurate wage statements / paystubs to Daniel.

Keith Williams

44. In approximately 2017, Williams commenced employment with the Defendants.

45. Williams was not provided with a wage notice by the Defendants upon his hire.

46. Williams was not provided with a wage notice by the Defendants annually.

47. From 2017 to 2019, Williams worked for the Defendants as a parking spotter.

48. In that role, Williams would get a list of assignments from the Defendants, drive to an assigned job site and put cones out where the Con Ed truck would park the following day.

49. As a parking spotter from 2017 to 2019, Williams worked on average, 60 hours per week.

50. In approximately 2019, Williams was promoted to spot checker.

51. In that role, Williams would check on all the sites that were opened in Brooklyn for Con Ed vehicles.

52. As a spot checker from 2019 to October 2022, Williams worked on average 12 hours per day, 7 days per week, for a total of 84 hours per week.

53. Although Williams worked over forty hours per week, the Defendants failed to pay Williams overtime.

54. Williams was paid at his hourly rate regardless of the amount of hours he worked.

55. Williams was paid $15.00 per hour upon his hire.

56. At some point thereafter, Williams' pay was reduced to $13.50 per hour.

57. Starting in approximately 2019, Williams' pay increased to $18.00 per hour.

58. In approximately August 2022, Williams' pay increased to $19.00 per hour.

59. Williams was paid by check once per week (on Thursdays).

60. The Defendants failed to provide accurate wage statements / paystubs to Williams.

61. Defendants knowingly and willfully operated their business with a policy of not paying the Federal or the New York State overtime rate (time and a-half).

62. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices pursuant to the NYLL.

63. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements / pay stubs pursuant to the NYLL.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

64. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though they were fully set forth herein.

65. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Defendants' failure to pay overtime caused Plaintiffs to suffer loss of wages and interest thereon. Plaintiffs are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

68. Plaintiffs repeat and reallege the preceding paragraphs as though they were fully set forth herein.

69. Defendants willfully violated the Plaintiffs rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

70. Defendants' failure to pay overtime premium compensation caused the Plaintiffs to suffer loss of wages and interest thereon. The Plaintiffs are entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq*.

## THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

71. Plaintiffs repeat and reallege the preceding paragraphs as though they were fully set forth

herein.

72. Defendants have willfully failed to supply the Plaintiffs with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

73. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
**(NYLL – Failure to Provide Wage Statements)**

74. Plaintiffs repeat and reallege the preceding paragraphs as though they were fully set forth herein.

75. Defendants have willfully failed to provide the Plaintiffs with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

76. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from

Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court GRANT the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

D. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA and NYLL;

E. A maximum of $5,000.00 for each Plaintiff to failure to provide a proper wage notice upon hire or annually;

F. A maximum of $5,000.00 for each Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

I. Such other relief as this Court deems just and proper.

Dated: November 17, 2022
      New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs*